IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DUSTIN BLAINE CHANDLER                                    PLAINTIFF

v.                              Civil No. 4:19-cv-04006

JAIL ADMINISTRATOR CHRIS WOLCOTT;
DEPUTY GUSTAVO ALVAREZ; SHERIFF
ROBERT GENTRY; JAILER MELISSA
BRECHEISEN; JAILER CECILY HUGHES; and
ASSISTANT JAIL ADMINISTRATOR TERRY
HERNANDEZ                                                       DEFENDANTS

**ORDER**

This is a civil rights action filed by Plaintiff Dustin Blaine Chandler pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A. Pursuant to the PLRA, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity, officer, or employee of a governmental entity.

**I. BACKGROUND**

Plaintiff filed his Complaint on January 22, 2019. (ECF No. 1). His application to proceed *in forma pauperis* ("IFP") was granted the same day. (ECF No. 3). Plaintiff is currently incarcerated in the Sevier County Jail ("SCJ") serving a sentence as a result of a judgment of conviction. (ECF No. 1, p. 3).

Plaintiff has named Jail Administrator Chris Wolcott, Deputy Gustavo Alvarez, Sheriff Robert Gentry, Jailer Melissa Brecheisen, Jailer Cecily Hughes, and Assistant Jail Administrator Terry Hernandez as Defendants. Plaintiff asserts several claims based on allegations of verbal threats, excessive force, retaliation, interference with the grievance process, black mold in the SCJ, denial of medical care, and denial of access to a law library.

Specifically, Plaintiff alleges he was verbally threatened by Alvarez on January 8, 2019:

> I was setting down on the table when officer Alvarez…entered (A) pod stated 'whats wrong with write up?' I tried to explain he stated 'shut up before I do something bad to you.' All the time he said to go to your cell I obeyed, he followed me on the stairs and he said 'I'll give you another 7 days lock down' I said why and he said " I don't know…I said lock me down for life you weirdo' he said 'What did you call me'…I had my back to him and he pepper sprayed me.

(ECF No. 1, p. 5). Plaintiff also claims when he informed Brecheisen on January 8, 2019, that he wanted to appeal the disciplinary write up, she then informed Alvarez of Plaintiff's intention, and both she and Alvarez began using offensive language such as "Let me go talk to that son of a ***** I'm tired of his **** anyway." (ECF No 1, p. 6).

On January 10, 2018, Plaintiff alleges he was verbally threatened and retaliated against by Wolcott when he was:

> taken up front to appeal write up & showed video of being pepper sprayed, At this time Chris Wolcott stated due to my grievance procedure that he will keep me here 80 days I will remain on 23-1 He will send me to ADC for 180 days, to file a 1983 form that they don't scare them…"

(ECF No. 1, p. 8).

Plaintiff also claims that Gentry:

> abuses his power by doing nothing when Chris Wolcott stood in front of him & verbally told me what he would do all behind me filing a grievance which is my legal rights to due process. Its not policy for him to stand there & say nothing while I'm intimidated by his co-worker after another one pepper sprayed me for no reason.

(ECF No. 1, p. 9).

On January 11, 2019, Plaintiff claims Alvarez retaliated against him for filing a grievance to appeal a disciplinary report by "inform[ing] the tower not to let me out of my cell, to file a grievance. Him knowing I been on 23 hour lock down & him knowing the kiosk shuts off at 10:00pm & that's the only way I have to exercise all my admin. remedeys." (ECF No. 1, p. 7).

2

Plaintiff also alleges that there is black mold in "numerous cells and the shower". He states he has informed SCJ officials of the situation and that it was not resolved to his satisfaction. Specifically, he claims:

> …It is in violation of my rights to be housed in a confined cell being exposed to Black mold. 1-9-19…Officer Terry Hernandez did a walk thru…we showed him black mold he stated 'we have paint & chemicals for it'…1-11-19 maintenance came in & scrubed one cell that had black mold in it at this time I was still housed in a confined space were I could smell the chemicals they used to scrub the black mold, the whole time there was no ventilation system, this has caused me sevier headaches, trouble breathing & not only causes internal damage to my lungs…

(ECF No. 1, p. 10).

Moreover, Plaintiff claims Alvarez and Hughes interfered with SJC's grievance process. Plaintiff also claims that Alvarez denied Plaintiff medical care and access to the law library. Plaintiff specifically states:

> …1-11-19 I informed the tower I needed out to use the kiosk it is a electronic device that has our medical forms our grievance procedure. Also the law library, the tower operator informed me he couldn't let me and I asked why he said the floor staff informed him not to… I asked him if it was Gustero Alvares and he said I already know the answer why did I ask. 1-12-19 approx 1:00pm I asked a day time officer to let me file a grievance he allowed me to come out of my cell, I tried my pin # on the electronical kiosk & wasn't allowed to log in At the time I was locked back in my cell. 1-12-19 …I informed Officer Hughes about pin…being removed, she stated I lost my grievances…

(ECF No. 1, p. 12-13). Plaintiff goes on to state he now suffers from "eye trouble not being allowed to file medical about my vision being blurry after being sprayed extremely close without verbal warning…." *Id.* at p. 13.

Plaintiff sues Defendants in their personal and official capacities. He seeks both compensatory and punitive damages. (ECF No. 1, p. 14).

## II.     APPLICABLE LAW

Under the PLRA, the Court is obligated to screen this case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Further, a claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.     DISCUSSION

### A.  Verbal Threats and Offensive Language

Plaintiff's claims that Alvarez, Brecheisen, and Wolcott used offensive language and verbally threatened him are frivolous. "Verbal threats do not constitute a constitutional violation." *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985). Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *See McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (holding inmate's claims of general harassment and of verbal harassment were not actionable under section 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) ( holding verbal threats and abuse by jail officials did not rise to level of

constitutional violation); *Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985) (holding use of racially offensive language in dealing with prisoner does not, by itself, state claim). Accordingly, Plaintiff's claims regarding the use of verbal threats and name calling should be dismissed.

### B. Excessive Force

Plaintiff alleges that Alvarez used excessive force when he pepper sprayed him for no reason without giving a verbal warning. In evaluating an excessive force claim under the Eighth Amendment, the relevant inquiry is whether the force used was applied in a good-faith effort to maintain or restore discipline or was used to maliciously and sadistically cause harm. *See United States v. Miller*, 477 F.3d 644, 647 (8th Cir. 2007). Upon review of Plaintiff's Complaint, the Court finds that Plaintiff has stated enough facts to support a claim against Alvarez for excessive force. Accordingly, Plaintiff should be allowed to proceed with this claim.

### C. Defendant Robert Gentry

Plaintiff alleges Gentry violated his constitutional rights when he "abuse[d] his power by doing nothing when Chris Wolcott…intimidated [me] [and another] co-worker…pepper sprayed me for no reason." Gentry is the Sheriff of Sevier County and oversees the SCJ.

General responsibility for supervising a detention center is insufficient to establish personal involvement. *Reynolds v. Dormire*, 636 F.3d 976, 981 (8th Cir. 2011). "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability on the part of a defendant, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of [his] constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (citation and internal quotation marks omitted).

Plaintiff has failed to allege that Gentry had any personal involvement in the violation of his constitutional rights. Accordingly, Plaintiff's claim against Gentry should be dismissed.

**D. Retaliation**

Plaintiff alleges Alvarez retaliated against him for filing a grievance appealing a disciplinary charge when he refused to allow Plaintiff out of his cell to file a grievance on January 11, 2019. Plaintiff also claims Wolcott retaliated against him when he stated he was going to keep him at the SCJ in lock down because he appealed his disciplinary charge.

Generally, "[c]onduct that retaliates against the exercise of a constitutionally protected right is actionable, even if the conduct would have been proper if motivated by a different reason." *Cody v. Weber*, 256 F.3d 764, 771 (8th Cir. 2001) (citing *Madewell v. Roberts*, 909 F.2d 1203, 1206 (8th Cir. 1990)). The retaliatory conduct itself need not be a constitutional violation to be actionable. *Id.* Additionally, there is no independent injury requirement when retaliatory conduct is involved. *See Dixon v. Brown*, 38 F.3d 379, 380 (8th Cir. 1994).

There is no question that Plaintiff engaged in protected First Amendment activity when he filed a grievance appealing his disciplinary charge. *See Dixon v. Brown*, 38 F.3d 379 (8th Cir. 1994). Therefore, the Court finds that Plaintiff has stated sufficient facts to support claims for retaliation against Defendants Alvarez and Wolcott. Accordingly, these claims should proceed.

**E. Interference with the Grievance Process**

Plaintiff alleges his constitutional rights were violated on January 11, 2018, when Alvarez interfered with his ability to access the kiosk used to file grievances and submit medical requests. Plaintiff also claims Hughes violated his rights when she told Plaintiff "he lost his grievances."

"Inmates do not have a constitutionally protected right to a grievance procedure. Because a state grievance procedure does not confer any substantive right upon prison inmates, a prison

6

official's failure to comply with the grievance procedure is not actionable under § 1983." *Lombolt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (holding denial of grievances does not state substantive constitutional claim). "Rather, prison inmates have a constitutional right to petition the government for redress through a right of access to the courts." *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Plaintiff filed the instant action eleven days after he claims he was denied access to the kiosk. Thus, Plaintiff has clearly exercised his constitutional right to access the courts. Accordingly, Plaintiff has failed to state claims against Alvarez and Hughes for interfering with the grievance procedure.

### F. Denial of Medical Care

Plaintiff alleges he was denied medical care by Alvarez when he prevented Plaintiff from submitting a medical request relating to his blurred vision after he was pepper sprayed by Alvarez.

The Eighth Amendment's prohibition against cruel and unusual punishment prohibits deliberate indifference to the serious medical needs of prisoners. *Luckert v. Dodge Cty*, 684 F.3d 808, 817 (8th Cir. 2012). The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)).

Liberally construing Plaintiffs allegations, the Court finds Plaintiff has alleged facts to support a claim that he was denied medical care when he was prevented from filing a medical request on January 11, 2019. Accordingly, this claim should proceed.

**G. Jail Conditions**

Plaintiff alleges there is black mold in several of the cells at the SCJ and that he has been exposed to black mold and harsh cleaning chemicals without adequate ventilation.

"[W]hen the State takes a person into its custody and holds him there against his will, the constitution imposes upon it a corresponding duty to assume some responsibility of his safety and general well-being." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998) (citation omitted). The constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "The Eighth Amendment prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities." *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996); *see also Hall v. Dalton*, 34 F.3d 648, 650 (8th Cir. 1994) (stating "in this circuit the standards applied to Eighth Amendment and Fourteenth Amendment claims have been the same."). Jail or prison officials must provide reasonably adequate ventilation, sanitation, bedding, hygienic materials, food, and utilities. Claims for unlawful conditions of confinement include threats to an inmate's health and safety. *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008) (citation omitted).

In this instant case, Plaintiff alleges that when he informed Hernandez about black mold in the cells and the shower Hernandez responded, "we have chemicals for it." Plaintiff claims because of inadequate ventilation in the SJC he now suffers from "headaches, trouble breathing & …internal damage to his lungs." The Court finds that Plaintiff has pled sufficient facts to support a condition of confinement claim against Hernandez and, therefore, this claim should proceed.

**H. Denial of Access to Law Library**

Plaintiff alleges his constitutional rights were violated when he was not allowed to use the kiosk on January 11, 2019, and this denied him access to the law library.

The Supreme Court has held "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Prison officials must provide inmates with "meaningful access to the courts." *Bounds*, 430 U.S. at 824. However, an inmate has no standing to pursue an access claim unless he can demonstrate he suffered prejudice or actual injury as a result of the prison officials' conduct. *See Lewis v. Casey*, 518 U.S. 343, 351-352; *see also Farver v. Vilches*, 155 F.3d 978, 979-980 (8th Cir. 1998) (per curiam); *Klinger v. Dep't of Corr.*, 107 F.3d 609, 617 (8th Cir. 1997) (to prevail on access-to-courts claim, inmate must show actual injury or prejudice even if denial of access to library is complete and systematic); *McMaster v. Pung*, 984 F.2d 948, 953 (8th Cir. 1993).

Here, Plaintiff has failed to allege he was prejudiced when he was denied access to the law library in the SJC on one occasion. Accordingly, Plaintiff's claim must be dismissed.

### I. Official Capacity Claims

Section 1983 provides a federal cause of action for the deprivation, under color of state law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under Section 1983, a plaintiff must allege that a defendant acted under color of state law and they violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). Under section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities. *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). With respect to official capacity claims, they are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*,

627 F.3d 1254, 1257 (8th Cir. 2010). In this case, Plaintiff's official capacity claims against Defendants are treated as claims against Sevier County. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish Sevier County's liability under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted).

Except for Plaintiff's official capacity claims arising from his denial of medical care and condition of confinement involving black mold and inadequate ventilation, Plaintiff's claims do not suggest the existence of any policy, custom or practice of Sevier County which contributed to a violation of his rights. Accordingly, Plaintiff's official capacity claims for denial of medical care and conditions of confinement should be allowed to proceed. All other official capacity claims should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's individual and official capacity claims against Gentry, Brecheisen, and Hughes; his individual and official capacity claims based on verbal threats made by Alvarez and Wolcott; his individual and official capacity claims based on interference with the grievance procedure by Alvarez and Hughes; and his individual and official capacity claims based on denial of access to the law library against Alvarez are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii). Plaintiff's individual capacity claims for excessive force against Defendant Alvarez; his individual capacity claims for retaliation against Defendants Alvarez and Wolcott; his individual and official capacity claims for denial of medical care against

10

Defendant Alvarez; and his individual and official capacity claims based on conditions of confinement against Defendant Hernandez shall proceed. The Clerk is **DIRECTED** to terminate Robert Gentry, Melissa Brecheisen, and Cecily Hughes as defendants in this action. Service on Defendants Alvarez, Wolcott and Hernandez will be addressed by separate order.

    **IT IS SO ORDERED**, this 11th day of February 2019.

                                                /s/ Susan O. Hickey
                                                Susan O. Hickey
                                                United States District Judge