IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DUSTIN BLAINE CHANDLER                                                                PLAINTIFF

v.                                Civil No. 4:19-cv-04006

JAIL ADMINISTRATOR CHRIS WOLCOTT;
DEPUTY GUSTAVO ALVAREZ;
and ASSISTANT JAIL ADMINISTRATOR TERRY
HERNANDEZ                                                                             DEFENDANTS

## ORDER

Before the Court is Plaintiff's failure to keep the Court informed of his address. Plaintiff Dustin Blaine Chandler filed this 42 U.S.C. § 1983 action *pro se* on January 22, 2019. (ECF No. 1). Plaintiff's motion to proceed *in forma pauperis* ("IFP") was granted that same day. (ECF No. 3).

In the Court's order granting IFP status, Plaintiff was advised he must immediately inform the Court of any change of address. The order further advised Plaintiff that if he was transferred to another jail or prison or released, he would have thirty days from the date of transfer or release to notify the Court of his new address. Additionally, the order stated that failure to inform the Court of an address change would result in the dismissal of this case. On October 17, 2019, mail sent to Plaintiff at his address of record was returned as undeliverable with no forwarding address. (ECF No. 22). To date, Plaintiff has not informed the Court of his current address.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules also state:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently

> . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to keep the Court informed of his current address and failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 22nd day of November 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge